An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARYL W. DEMPSEY,
Appellant,
vs.
BANK OF AMERICA, N.A. AND
CALIFORNIA RECONVEYANCE
COMPANY,
Respondents.

No. 60374

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

After an unsuccessful mediation, appellant filed a petition for judicial review in the district court. Appellant's petition for judicial review contained no argument or even allegations of bad faith or noncompliance by respondents. At the hearing on the petition, appellant requested, and the district court granted, leave to file a supplemental petition and to continue the hearing. The parties subsequently stipulated to extend the time to file by two additional months. Appellant never filed a supplement to his petition for judicial review. After the stipulated date had expired, respondents filed their response to the original petition for judicial review, arguing that it failed to raise any allegation of bad faith. Subsequently, at the continued hearing on the petition, appellant again sought leave to amend the petition. Respondents opposed the request, and the district court denied further amendment. At the hearing, the district court stated that respondents had met their burden, and that an FMP certificate would therefore issue. In its written order, however, the district court merely stated that no petition was timely filed. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07906

On appeal, appellant argues that the district court's conclusion that the petition was untimely was incorrect, and requested that the matter be remanded for an evidentiary hearing on the merits of the petition. Respondents argue that the district court's order could be interpreted as meaning that no substantive petition with argument was ever timely filed and is consequently correct, or in the alternative, that the record before the district court would support denying the petition for judicial review.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). Absent factual or legal error, the choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the district court. Pasillas v. HSBC Bank USA, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person. NRS 107.086(4), (5); Leyva v. National Default Servicing Corp., 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Having reviewed record on appeal, and considering the arguments of the parties, we conclude that the district court properly denied the petition for judicial review. Although the district court order incorrectly stated that no petition was timely filed, the petition that

appellant filed failed to assert any factual allegations concerning noncompliance or bad faith by respondents, and we conclude that the district court acted within its discretion in denying appellant's request for additional time to amend his petition. Cf. Kantor v. Kantor, 116 Nev. 886, 891, 8 P.3d 825, 828 (holding that after a responsive pleading is filed, the district court has the discretion to permit or deny a complaint's amendment, and undue delay is a valid reason to deny amendment). In light of the lack of argument in the petition and the mediator's statement that indicated full compliance by respondents, we conclude that the district court had substantial evidence before it to deny the petition for judicial review after conducting a de novo review.[1] See FMR 21 (5) (2011) (amended and renumbered FMR 21 (6) (effective January 1, 2013)). Thus, we conclude that the district court reached the proper result in declining to order an evidentiary hearing, see FMR 21(1) (2011) (amended and renumbered FMR 21(2) (stating that district court shall conduct hearings to the extent it deems necessary)), denying the petition, and in ordering an FMP certificate to issue. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]There is likewise nothing in the record below that would indicate any failure by respondents that would preclude the issuance of an FMP certificate.

cc: Eighth Judicial District Court, Department 14
Cogburn Law Offices
Smith Larsen & Wixom
Eighth District Court Clerk